[Dkt. No. 112]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL BROWN,<br><br>        Plaintiff,<br><br>   v.<br><br>MS. JOE DOW WARDEN AT SWSP, et al.,<br><br>        Defendants. | Civil No. 08-4330 RMB/AMD<br><br>**MEMORANDUM ORDER** |

This matter arises out of the motion of Defendants Smith K. Bey, A. Burnett, and David Vera (collectively "Defendants") for summary judgment.

Pro se Plaintiff Michael Brown ("Plaintiff") claims that, while incarcerated in South Woods State Prison, Defendants - corrections officers at the prison - violated his constitutional rights by applying excessive force.  Specifically, Plaintiff alleges that, following an altercation between Plaintiff and a fellow inmate, after the two had been separated, and at a time when Plaintiff was not "resisting", Defendants "beat" Plaintiff and broke his arm.  Plaintiff asserts claims under 42 U.S.C. § 1983 against the Defendants in both their official and individual capacities.

1

In their motion, Defendants have attached substantial documentary evidence disputing Plaintiff's account of the events at issue, as well as answers to interrogatories denying Plaintiff's allegations, and a medical report suggesting that Plaintiff's injuries were likely the result of Plaintiff's altercation with the other inmate. Plaintiff's opposition attaches a medical report attesting to his broken arm, prison reports, excerpts from Defendants' pleadings, and copies of complaints Plaintiff filed with the prison system.

For the foregoing reasons, Defendants' motion is GRANTED with respect to Plaintiff's claims against Defendants in their official capacities and DENIED with respect to Plaintiff's claims against Defendants in their individual capacities.

## I. Background

Plaintiff's claims are set forth in his Second Amended Complaint (the "Complaint")[1], which he dated and signed under

---

[1] Defendants' interpret Plaintiff's opposition brief as alluding to a potential failure to protect claim that Plaintiff did not raise in his Complaint. Claims that were not alleged in the complaint cannot be raised for the first time in opposition to a motion for summary judgment. Bey v. Daimler Chrysler Servs. of N. Am., No. 04-6186, 2006 WL 361385, at *11 (D.N.J. Feb. 15, 2006); Carl v. Griffin, No. 08 Civ. 4981, 2011 WL 723553, at *6 (S.D.N.Y. Mar. 2, 2011)("Even given the considerable leeway in pleadings afforded *pro se* litigants, Plaintiff here cannot raise a new claim for the first time at summary judgment.") (quotation and citation omitted). Accordingly, this Court will not consider such a claim.

penalty of perjury.[2] Defendants' account of the events is consistent with Plaintiff's to a point. They agree that Plaintiff and another inmate were fighting and that they were separated. Their disagreement begins there, however.

Defendants deny "beating" Plaintiff. Defendants contend that Officers Lynch and Mottola, officers not named as defendants in this case, secured Plaintiff following the altercation. Defendants claim that, after Plaintiff refused to comply with orders to put his left arm behind his back, Mottola placed

---

[2] Plaintiff advanced additional facts in his brief in opposition to Defendants' motion for summary judgment. The Court will not consider these facts at summary judgment because Plaintiff failed to submit a proper affidavit, or declare the allegations to be true under penalty of perjury. Plaintiff instead produced a self-styled "affidavit" with a notary stamp, but nothing evidencing that the statement was sworn to before the notary, and his own declaration that he "swears that all statements and documents are true to the best of [his] ability." This is not enough. New Jersey v. Conde, No. 06-04-00425, 2007 WL 1836873, at *3 (N.J.Super.A.D. June 28, 2007)(holding that a signed document failed to qualify as an affidavit where, though it contained a notary public's stamp, it did not contain a jurat- a statement that it was signed under oath before the notary); Powell v. Starr, No. Civ.A. 302CV1258, 2004 WL 935377, at *2 (N.D. Tex. April 29, 2004) (holding that statement that lacked a jurat did not qualify as an affidavit); United States v. Branella, 972 F. Supp. 294, 300 (D.N.J. 1997)("The failure to acknowledge the penalty of perjury prevents the court from considering the [certified statements'] contents for purposes of summary judgment."); Reid v. United States, No. 4:10-CV-583, 2010 WL 3829397, at *5 (E.D.Mo. Sep. 23, 2010) (refusing to credit purported "affidavit" where, though it was stamped by a notary, there was no statement that it was sworn to before the notary, or verification that the statements were made under penalty of perjury). In any event, Plaintiff's failure is immaterial, as the Complaint is sufficient by itself to survive summary judgment.

Plaintiff's arm behind his back in order to handcuff him.  From there, Lynch and Mottola escorted Plaintiff to detention without incident.  They claim that Defendant Bey, along with another officer, secured the other party to the altercation, and then escorted him to detention without incident.  According to Defendants, Defendant Burnett responded to an emergency code triggered as the result of the fight, but arrived on the scene after the fight had already concluded and did not assist in securing Plaintiff or escorting him to detention.  In Defendants' account of events, Defendant Vera called the emergency code, but did not participate in the events after the altercation, when the two had been separated.

**II.  Standard**

Summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law."  <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).

In opposing a motion for summary judgment, a litigant may <u>not</u> stand on his pleadings alone, but must instead cite to

particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only) or other materials in support of their claim.  Federal Rules Of Civil Procedure Rule 56(c).

However, a pro se prisoner's signed and dated complaint, made under penalty of perjury, qualifies as a verified complaint, which may be treated as an affidavit in opposition to a motion for summary judgment under Federal Rule Of Civil Procedure 56, to the extent it sets forth specific facts based on personal knowledge.  Neal v. Kelly, 963 F.2d 453, 457-58 (D.C. Cir. 1992); Athill v. Speziale, No. 06-4941, 2009 WL 1874194, at *1 (D.N.J. June 30, 2009).

### III. Analysis

Plaintiff has asserted excessive force claims against the Officers in both their individual and official capacities.  Defendants have moved for summary judgment as to each.  For the reasons set out below, Defendants' motion is denied with respect to Plaintiff's claims against Defendants individually but granted with respect to the claims against Defendants in their official capacities.

> A.  Plaintiff's Complaint, Viewed As An Affidavit In Opposition To Summary Judgment, Creates A Disputed Issue of Fact Whether Defendants Applied Excessive Force.

Prisoner excessive force claims are analyzed under the Eighth Amendment and require prisoner plaintiffs to establish both subjective and objective elements. Hudson v. McMillan, 503 U.S. 1, 7-8 (1992). Subjectively, courts assess whether prison officials applied force "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Johnson v. Bondiskey, No. 11-3836, 2011 WL 3236519, at *3 (D.N.J. July 27, 2011)(quoting Hudson, 503 U.S. at 6.). Objectively, courts consider whether officials' conduct was "objectively harmful enough" that it offends "contemporary standards of decency." Hudson, 503 U.S. at 8.

In weighing these issues, the courts look to the following factors:

(1) the need for the application of force;

(2) the relationship between the need and the amount of force used;

(3) the extent of the injury inflicted;

(4) the extent of the threat to the safety of prison staff and inmates, as reasonably perceived by prison officials on the facts known to them; and

(5) any efforts made to temper the severity of a forceful response.

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

While Plaintiff has failed to present documentary evidence that would establish that Defendants "beat" him and broke his arm, his Complaint is sufficient to establish genuine issues of

fact as to whether the Defendants used excessive force and preclude summary judgment.  The Complaint was dated and signed under penalty of perjury, qualifying it as a verified complaint. Athill, No. 06-4941, 2009 WL 1874194, at *1. It alleges specific facts based on Plaintiff's own personal knowledge.  It therefore may be considered as an affidavit in opposition to Defendants' summary judgment motion. Reese v. Sparks, 760 F.2d 64, 67 (3d Cir. 1985) (treating a verified complaint as an affidavit for purposes of summary judgment); Neal, 963 F.2d at 457-58.

The Amended Complaint presents factual evidence, in the form of Plaintiff's own account, that Defendant beat Plaintiff and broke his arm, after Plaintiff had already been secured, when Plaintiff was not resisting the Defendants' efforts to escort him to detention.  While Defendants obviously deny Plaintiff's account, Plaintiff has presented sufficient evidence, to survive summary judgment, that force was not applied in a good faith effort to maintain or restore discipline and was instead used maliciously and sadistically to cause harm. Alexander v. Perez, 124 F. App'x 525, 526 (9th Cir. 2005)(allegations that prison officers used more than de minimis force on prisoner who was not resisting were sufficient to withstand summary judgment on Eighth Amendment excessive force claim).[3]

---

[3] See also Danley v. Allen, 540 F.3d 1298, 1309 (11th Cir. 2008) ("When jailers continue to use substantial force against a prisoner who has clearly stopped resisting-whether

B.   Defendants Are Not Entitled To Qualified Immunity.

Defendants argue that they are entitled to qualified immunity from Plaintiff's claims.  The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009).

However, because "[m]alicious and sadistic use of force is always in violation of clearly established law," "qualified immunity affords no protections to defendants in Eighth Amendment excessive force cases."  Thomas v. Ferguson, 361 F. Supp. 2d 435 (D.N.J. 2004); Athill, 2009 WL, at *9; Shaffer v. Balicki, No. 07-0031, 2010 WL 891336, at *5 (D.N.J. Mar. 10, 2010); Small v.

---

because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated-that use of force is excessive."). Foulk v. Charrier, 262 F.3d 687, 701-02 (8th Cir. 2001) (holding that testimony of prisoner that he was pepper sprayed while being compliant was sufficient that reasonable jury could conclude that prisoner was victim of excessive force); Williams v. Maryland, No. 09-0879, 2011 WL 3422825, at *3 (D.Md. Aug. 3, 2011) (holding that prisoner plaintiff, who there was no dispute had been injured, advanced enough evidence of excessive force to survive summary judgment where his verified complaint alleged that he was attacked without cause while handcuffed and calm); Bennet v. Falcone, No. 05-CV-1358, 2009 WL 816830, at *5 (S.D.N.Y. Mar. 25, 2009) (despite Plaintiff's evidence of excessive force violation being: (1) "paper-thin", (2) consisting largely "of his own testimony", (3) being "inconsistent with other evidence", and (4) "subject to serious question", the court could not grant summary judgment because it could not weigh evidence or assess credibility of witnesses at summary judgment stage.).

Whittick, No. 06-1363, 2010 WL 3881303, at *4 (D.N.J. Sep. 27, 2010). Therefore, Defendants are not entitled to qualified immunity.

    C.    Plaintiff's Suit Against The Officers In Their Official Capacity Is Dismissed.

Defendants' final argument is that they are entitled to dismissal in their official capacities because, as state employees, they are not "persons" amenable to suit under section 1983 and because the claims against them are barred by the Eleventh Amendment. Dismissal of Defendants in their official capacities is warranted of on both grounds. Clayton v. Clement, No. 06-5426, 2007 WL 4260002, at *4-5 (D.N.J. Nov. 30, 2007) (holding that state officers sued in their official capacities are immune from suit under the Eleventh Amendment and are not considered "persons within the meaning of Section 1983"); Afdahl v. Cancellieri, No. 09-1332, 2009 WL 5213992, at *7 (D.N.J. Dec. 21, 2009) (dismissing suit against prison official sued in his official capacity on same grounds); Rodriguez v. Hayman, No. 08-4239, 2009 WL 4122251, at *4-5 (D.N.J. Nov. 23, 2009) (dismissing suit against state prison guards in their official capacities on same grounds).

**IV. Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment is **DENIED**, in part, and **GRANTED**, in part. It is **DENIED**

with respect to Plaintiff's excessive force claims against Defendants in their individual capacities.  These claims must be presented to a jury.  It is **GRANTED** with respect to Plaintiff's excessive force claims against Defendants in their official capacities.  Those claims are dismissed with prejudice.

DATED: October 25, 2011            s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge