[Dkt. No. 112]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

MICHAEL BROWN,

            Plaintiff,

   v.


MS. JOE DOW WARDEN AT SWSP, et
al.,

            Defendants.

Civil No. 08-4330 RMB/AMD


**MEMORANDUM ORDER**


    This matter arises out of the motion of Defendants Smith K. Bey, A. Burnett, and David Vera (collectively "Defendants") for summary judgment.

    Pro se Plaintiff Michael Brown ("Plaintiff") claims that, while incarcerated in South Woods State Prison, Defendants - corrections officers at the prison - violated his constitutional rights by applying excessive force.  Specifically, Plaintiff alleges that, following an altercation between Plaintiff and a fellow inmate, after the two had been separated, and at a time when Plaintiff was not "resisting", Defendants "beat" Plaintiff and broke his arm.  Plaintiff asserts claims under 42 U.S.C. § 1983 against the Defendants in both their official and individual capacities.

1

In their motion, Defendants have attached substantial documentary evidence disputing Plaintiff's account of the events at issue, as well as answers to interrogatories denying Plaintiff's allegations, and a medical report suggesting that Plaintiff's injuries were likely the result of Plaintiff's altercation with the other inmate.  Plaintiff's opposition attaches a medical report attesting to his broken arm, prison reports, excerpts from Defendants' pleadings, and copies of complaints Plaintiff filed with the prison system.

For the foregoing reasons, Defendants' motion is GRANTED with respect to Plaintiff's claims against Defendants in their official capacities and DENIED with respect to Plaintiff's claims against Defendants in their individual capacities.

## I.   Background

Plaintiff's claims are set forth in his Second Amended Complaint (the "Complaint")[1], which he dated and signed under

---

[1]    Defendants' interpret Plaintiff's opposition brief as alluding to a potential failure to protect claim that Plaintiff did not raise in his Complaint.  Claims that were not alleged in the complaint cannot be raised for the first time in opposition to a motion for summary judgment.  Bey v. Daimler Chrysler Servs. of N. Am., No. 04-6186, 2006 WL 361385, at *11 (D.N.J. Feb. 15, 2006); Carl v. Griffin, No. 08 Civ. 4981, 2011 WL 723553, at *6 (S.D.N.Y. Mar. 2, 2011)("Even given the considerable leeway in pleadings afforded pro se litigants, Plaintiff here cannot raise a new claim for the first time at summary judgment.") (quotation and citation omitted). Accordingly, this Court will not consider such a claim.

penalty of perjury.[2]  Defendants' account of the events is

consistent with Plaintiff's to a point.  They agree that

Plaintiff and another inmate were fighting and that they were

separated.   Their disagreement begins there, however.

Defendants deny "beating" Plaintiff.  Defendants contend

that Officers Lynch and Mottola, officers not named as defendants

in this case, secured Plaintiff following the altercation.

Defendants claim that, after Plaintiff refused to comply with

orders to put his left arm behind his back, Mottola placed

---

[2]      Plaintiff advanced additional facts in his brief in
opposition to Defendants' motion for summary judgment.  The Court
will not consider these facts at summary judgment because
Plaintiff failed to submit a proper affidavit, or declare the
allegations to be true under penalty of perjury.  Plaintiff
instead produced a self-styled "affidavit" with a notary stamp,
but nothing evidencing that the statement was sworn to before the
notary, and his own declaration that he "swears that all
statements and documents are true to the best of [his] ability."
This is not enough.  New Jersey v. Conde, No. 06-04-00425, 2007
WL 1836873, at *3 (N.J.Super.A.D. June 28, 2007)(holding that a
signed document failed to qualify as an affidavit where, though
it contained a notary public's stamp, it did not contain a jurat-
a statement that it was signed under oath before the notary);
Powell v. Starr, No. Civ.A. 302CV1258, 2004 WL 935377, at *2
(N.D. Tex. April 29, 2004) (holding that statement that lacked a
jurat did not qualify as an affidavit); United States v.
Branella, 972 F. Supp. 294, 300 (D.N.J. 1997)("The failure to
acknowledge the penalty of perjury prevents the court from
considering the [certified statements'] contents for purposes of
summary judgment."); Reid v. United States, No. 4:10-CV-583, 2010
WL 3829397, at *5 (E.D.Mo. Sep. 23, 2010) (refusing to credit
purported "affidavit" where, though it was stamped by a notary,
there was no statement that it was sworn to before the notary, or
verification that the statements were made under penalty of
perjury).  In any event, Plaintiff's failure is immaterial, as
the Complaint is sufficient by itself to survive summary
judgment.

Plaintiff's arm behind his back in order to handcuff him.  From there, Lynch and Mottola escorted Plaintiff to detention without incident.  They claim that Defendant Bey, along with another officer, secured the other party to the altercation, and then escorted him to detention without incident.  According to Defendants, Defendant Burnett responded to an emergency code triggered as the result of the fight, but arrived on the scene after the fight had already concluded and did not assist in securing Plaintiff or escorting him to detention.  In Defendants' account of events, Defendant Vera called the emergency code, but did not participate in the events after the altercation, when the two had been separated.

## II.  Standard

Summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law."  Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

In opposing a motion for summary judgment, a litigant may not stand on his pleadings alone, but must instead cite to

particular parts of materials in the record, including

depositions, documents, electronically stored information,

affidavits or declarations, stipulations (including those made

for purposes of the motion only) or other materials in support of

their claim.  Federal Rules Of Civil Procedure Rule 56(c).

However, a <u>pro</u> <u>se</u> prisoner's signed and dated complaint,

made under penalty of perjury, qualifies as a verified complaint,

which may be treated as an affidavit in opposition to a motion

for summary judgment under Federal Rule Of Civil Procedure 56, to

the extent it sets forth specific facts based on personal

knowledge.  <u>Neal v. Kelly</u>, 963 F.2d 453, 457-58 (D.C. Cir. 1992);

<u>Athill v. Speziale</u>, No. 06-4941, 2009 WL 1874194, at *1 (D.N.J.

June 30, 2009).

**III. Analysis**

Plaintiff has asserted excessive force claims against the

Officers in both their individual and official capacities.

Defendants have moved for summary judgment as to each.  For the

reasons set out below, Defendants' motion is denied with respect

to Plaintiff's claims against Defendants individually but granted

with respect to the claims against Defendants in their official

capacities.

        A.    Plaintiff's Complaint, Viewed As An Affidavit In
             Opposition To Summary Judgment, Creates A Disputed
             Issue of Fact Whether Defendants Applied Excessive
             Force.

Prisoner excessive force claims are analyzed under the Eighth Amendment and require prisoner plaintiffs to establish both subjective and objective elements. Hudson v. McMillan, 503 U.S. 1, 7-8 (1992). Subjectively, courts assess whether prison officials applied force "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Johnson v. Bondiskey, No. 11-3836, 2011 WL 3236519, at *3 (D.N.J. July 27, 2011)(quoting Hudson, 503 U.S. at 6.). Objectively, courts consider whether officials' conduct was "objectively harmful enough" that it offends "contemporary standards of decency." Hudson, 503 U.S. at 8.

In weighing these issues, the courts look to the following factors:

  (1)  the need for the application of force;

  (2)  the relationship between the need and the amount of
       force used;

  (3)  the extent of the injury inflicted;

  (4)  the extent of the threat to the safety of prison staff
       and inmates, as reasonably perceived by prison
       officials on the facts known to them; and

  (5)  any efforts made to temper the severity of a forceful
       response.

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

While Plaintiff has failed to present documentary evidence that would establish that Defendants "beat" him and broke his arm, his Complaint is sufficient to establish genuine issues of

fact as to whether the Defendants used excessive force and

preclude summary judgment.  The Complaint was dated and signed

under penalty of perjury, qualifying it as a verified complaint.

Athill, No. 06-4941, 2009 WL 1874194, at *1. It alleges specific

facts based on Plaintiff's own personal knowledge.  It therefore

may be considered as an affidavit in opposition to Defendants'

summary judgment motion.  Reese v. Sparks, 760 F.2d 64, 67 (3d

Cir. 1985) (treating a verified complaint as an affidavit for

purposes of summary judgment); Neal, 963 F.2d at 457-58.

The Amended Complaint presents factual evidence, in the form

of Plaintiff's own account, that Defendant beat Plaintiff and

broke his arm, after Plaintiff had already been secured, when

Plaintiff was not resisting the Defendants' efforts to escort him

to detention.  While Defendants obviously deny Plaintiff's

account, Plaintiff has presented sufficient evidence, to survive

summary judgment, that force was not applied in a good faith

effort to maintain or restore discipline and was instead used

maliciously and sadistically to cause harm. Alexander v. Perez,

124 F. App'x 525, 526 (9th Cir. 2005)(allegations that prison

officers used more than de minimis force on prisoner who was not

resisting were sufficient to withstand summary judgment on Eighth

Amendment excessive force claim).[3]

---

[3]   See also Danley v. Allen, 540 F.3d 1298, 1309 (11th
Cir. 2008) ("When jailers continue to use substantial force
against a prisoner who has clearly stopped resisting-whether

B.    Defendants Are Not Entitled To Qualified Immunity.

Defendants argue that they are entitled to qualified

immunity from Plaintiff's claims.  The doctrine of qualified

immunity protects government officials "from liability for civil

damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a

reasonable person would have known." Pearson v. Callahan, 555

U.S. 223, 231 (2009).

However, because "[m]alicious and sadistic use of force is

always in violation of clearly established law," "qualified

immunity affords no protections to defendants in Eighth Amendment

excessive force cases."  Thomas v. Ferguson, 361 F. Supp. 2d 435

(D.N.J. 2004); Athill, 2009 WL, at *9; Shaffer v. Balicki, No.

07-0031, 2010 WL 891336, at *5 (D.N.J. Mar. 10, 2010); Small v.

---

because he has decided to become compliant, he has been subdued,
or he is otherwise incapacitated-that use of force is
excessive."). Foulk v. Charrier, 262 F.3d 687, 701-02 (8th Cir.
2001) (holding that testimony of prisoner that he was pepper
sprayed while being compliant was sufficient that reasonable jury
could conclude that prisoner was victim of excessive force);
Williams v. Maryland, No. 09-0879, 2011 WL 3422825, at *3 (D.Md.
Aug. 3, 2011) (holding that prisoner plaintiff, who there was no
dispute had been injured, advanced enough evidence of excessive
force to survive summary judgment where his verified complaint
alleged that he was attacked without cause while handcuffed and
calm); Bennet v. Falcone, No. 05-CV-1358, 2009 WL 816830, at *5
(S.D.N.Y. Mar. 25, 2009) (despite Plaintiff's evidence of
excessive force violation being: (1) "paper-thin", (2) consisting
largely "of his own testimony", (3) being "inconsistent with
other evidence", and (4) "subject to serious question", the court
could not grant summary judgment because it could not weigh
evidence or assess credibility of witnesses at summary judgment
stage.).

Whittick, No. 06-1363, 2010 WL 3881303, at *4 (D.N.J. Sep. 27,

2010).   Therefore, Defendants are not entitled to qualified

immunity.

      C.    Plaintiff's Suit Against The Officers In Their Official
           Capacity Is Dismissed.

Defendants' final argument is that they are entitled to

dismissal in their official capacities because, as state

employees, they are not "persons" amenable to suit under section

1983 and because the claims against them are barred by the

Eleventh Amendment.   Dismissal of Defendants in their official

capacities is warranted of on both grounds.   Clayton v. Clement,

No. 06-5426, 2007 WL 4260002, at *4-5 (D.N.J. Nov. 30, 2007)

(holding that state officers sued in their official capacities

are immune from suit under the Eleventh Amendment and are not

considered "persons within the meaning of Section 1983"); Afdahl

v. Cancellieri, No. 09-1332, 2009 WL 5213992, at *7 (D.N.J. Dec.

21, 2009) (dismissing suit against prison official sued in his

official capacity on same grounds); Rodriquez v. Hayman, No. 08-

4239, 2009 WL 4122251, at *4-5 (D.N.J. Nov. 23, 2009) (dismissing

suit against state prison guards in their official capacities on

same grounds).

**IV.  Conclusion**

For the foregoing reasons, Defendants' motion for summary

judgment is **DENIED**, in part, and **GRANTED**, in part.   It is **DENIED**

with respect to Plaintiff's excessive force claims against Defendants in their individual capacities.  These claims must be presented to a jury.  It is **GRANTED** with respect to Plaintiff's excessive force claims against Defendants in their official capacities.  Those claims are dismissed with prejudice.


DATED: October 25, 2011    s/Renée Marie Bumb
                RENÉE MARIE BUMB
                United States District Judge